UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALLEN IROEGBULEM,

Defendant.

No. 18 C 8422

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Petitioner Allen Iroegbulem moves under Federal Rule of Civil Procedure 60(b) to vacate the denial of his 28 U.S.C. § 2255 petition as void. R. 24. For the foregoing reasons, that motion is denied.

## Background

On March 17, 2016, Iroegbulem pled guilty to one count of sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2). He was subsequently sentenced to 240 months' imprisonment. He appealed, and the Seventh Circuit dismissed his appeal on March 23, 2018. *United States v. Iroegbulem*, 716 Fed. Appx. 549 (7th Cir. 2018).

Iroegbulem then filed a petition for writ of habeas corpus under 28 U.S.C. § 2255 in this Court, arguing his counsel was ineffective for failing to object to an allegedly erroneously calculated guideline range. R. 1. On August 30, 2019, after receiving permission to do so, Iroegbulem filed a supplemental § 2255 petition, this time arguing that his attorney was ineffective for failing to challenge the statute of conviction – 18 U.S.C. § 1591(a) – as unconstitutionally vague because it included

multiple offenses. R. 11. The Court denied both Iroegbulem's initial and supplemental § 2255 petition. R. 22. In doing so, the Court found, among other things, that the vagueness argument as to § 1591(a) was meritless. R. 22 at 13-16. Iroegbulem did not appeal the denial of his § 2255 petition.

Iroegbulem filed his Rule 60(b) motion on December 23, 2021. In it, he argues the Court's denial of his habeas petition is void because the Court was misled by the government into believing that it is "well settled law" that §§ 1591(a)(1) and (2) constitute "alternative means" of committing a single offense. R. 24 at 1. He also argues there were errors in a set of proposed jury instructions which he contends renders the Court's judgment void.

## Legal Standard

28 U.S.C. § 2255 may be used to challenge a sentence "upon the ground that the sentence was imposed in violation of the Constitution, or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A federal prisoner is "limited to one motion under section 2255 unless he received permission to file a second or successive motion from the appropriate court of appeals." *Charles v. United States*, 2020 WL 4464715, at *1 (N.D. Ill. Aug. 4, 2020) (citing *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020).

Federal Rule of Civil Procedure 60(b) "gives district courts the power and discretion to modify their judgments when truly new facts come to light or when the

judge recognizes an error and believes it should be corrected." *Kennedy v. Schneider Elec., Inc.*, 893 F.3d 414, 419 (7th Cir. 2018). The Seventh Circuit has made clear that the rule applies only in the most "extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely erroneous application of law." *Id.* One such special circumstance is where a judgment is rendered "void" under Rule 60(b)(4).

Rule 60(b) relief is thus different than the relief available under § 2255. Confusion often arises where the two vehicles intersect. In the postconviction context, a Rule 60(b) motion cannot attack "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Charles v. United States*, 2020 WL 4464715, at *1 (N.D. Ill. Aug. 4, 2020) (citing *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005)). Moreover, "a Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." *Gonzales*, 545 U.S. at 534. *See also Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018) (citing *Gonzales*, at 529-30) ("[I]f a Rule 60(b) motion is asking for relief that would ordinarily be asked for in a § 2255 petition, the motion is subject to the same restrictions or requirements as successive habeas petitions."). In practice, this means that a Rule 60(b) motion, if being treated as a successive § 2255 petition, is not appropriately brought unless the petitioner obtained permission to bring a successive petition.

## Analysis

The Court may only exercise jurisdiction over Iroegbulem's Rule 60(b) motion if it is, in fact, a Rule 60(b) motion as opposed to a successive § 2255 petition. The relevant inquiry is to determine "whether a claim presented … was also presented in a prior application. If so, the claim must be dismissed." *Gonzales,* 545 U.S. at 530. The Supreme Court has clarified that a Rule 60(b) motion is subject to dismissal "if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532 (emphasis in original).

Iroegbulem's Rule 60(b) motion argues the Court did not properly consider the merits of his argument that §§ 1591(a)(1) and (2) are vague, confusing, and do not provide a criminal defendant with proper notice of the charges against him. R. 24 at 1-3. He also argues the government "deceptively failed to apprise the court that the Seventh Circuit jury instructions given to Iroegbulem days before trial was scheduled to occur removed the 'commerce element' from the beginning of [the statutes] and repositioned it at the end." *Id.* at 2. This error, Iroegbulem contends, is "why [he] asserted that § 1591 fails to provide notice" in his § 2255 petition.

The Court has already ruled on Iroegbulem's arguments, and he does not present any procedural issue within the habeas proceedings which warrants relief under Rule 60(b). In its initial order denying habeas relief, the Court held the conduct prohibited by § 1591(a) is clear. See R. 22 at 14 (citing *United States v. Biancofiori,*

4

2018 WL 372172, at *1 (N.D. Ill. Jan. 11, 2018) and holding that "'nothing in the way [section 1591] is worded' made it 'impossible' for the defendant 'to have conformed himself to the law.'").[1] The Court then spent three pages explaining the reasoning for its finding that the statute is not unconstitutionally vague, that the statute represents alternate means of committing the same offense, and that the indictment in Iroegbulem's case was not duplicitous. *Id.* at 13-16. These are the exact same arguments Iroegbulem raises in the instant motion, and while he labeled it a Rule 60(b) motion, it is effectively a successive § 2255 petition for which he did not obtain permission to file. *See Sweeney v. United States*, 754 Fed. Appx. 440, 441 (7th Cir. 2018) (citing *Gonzales*, 545 U.S. at 531 ("In a criminal case, a postjudgment motion that substantively falls within the scope of a § 2255 motion must be treated as a motion under [§ 2255], no matter how a prisoner labels it."); *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) ("Critically, it does not matter how a prisoner labels his pleading.").

Because Iroegbulem attacks the validity of his conviction, what he calls a Rule 60(b) motion is substantively a successive collateral attack under § 2255. Thus, the Court does not have jurisdiction over the motion. *Curry*, 507 F.3d at 605 ("If a Rule 60(b) motion is really a successive postconviction claim, the district court will lack jurisdiction unless the prisoner has first obtained our permission to file it.").

---

[1] Notably, the Court found Mr. Iroegbulem's arguments in his supplemental § 2255 petition, which include the arguments outlined here, were time-barred. R. 22 at 13. Nonetheless, the Court addressed the arguments and found they were meritless.

Even if the Court were required to analyze the merits of Iroegbulem's instant motion, his argument that the proposed jury instructions contained an error and confused him (and the Court) is of no consequence—Iroegbulem entered a guilty plea pursuant to a plea agreement, was convicted and sentenced by the Court, and no jury was ever involved in this case. Thus, the instruction he takes issue with was of course never given, let alone discussed at an instructions conference, had no bearing on the sentence he received or the calculation of that sentence, and certainly does not void the Court's ruling.

## Conclusion

Because Iroegbulem's Rule 60(b) motion is effectively a successive § 2255 petition which he did not obtain permission to bring, the Court lacks jurisdiction and dismissal is required. The Rule 60(b) motion, R. 24, is denied.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: May 9, 2022

6